IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERIMIAH BRYCE THOMAS                                                                                    PLAINTIFF

v.                                       Civil No. 6:24-cv-06113-SOH-CDC

TROOPER KEVIN STEED (Arkansas State
Police);
SHERIFF MIKE McCORMICK (Garland
County, Arkansas);
TURNKEY HEALTH (Medical Care
Provider for Garland County Detention
Center)                                                                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey the Local Rules of Civil Procedure and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on August 21, 2024. (ECF No. 1). That same day, the Court entered an Order provisionally filing the Complaint and directing him to submit a completed *in forma pauperis* ("IFP") application by September 11, 2024. (ECF No. 3). The Order advised Plaintiff that failure to submit the IFP application or failure to keep the Court informed of his address would result in the dismissal of his case. (*Id*.). This Order was returned as undeliverable on September 5, 2024, indicating Hwy 270 W, 3504 Albert Pike Road, Hot Springs National Park,

1

71913, was not a valid address. It was resent to Plaintiff in the Garland County Detention Center. (ECF No. 5).

On September 13, 2024, the Court entered a Show Cause Order directing Plaintiff to Show Cause for his failure to submit his completed IFP application. (ECF No. 6). Plaintiff was given until October 4, 2024, to submit his Show Cause Response. (*Id.*). Mail was then returned as undeliverable on September 16, September 24, and September 25, 2024. (ECF Nos. 7, 8, 9). Each of these returns indicated Plaintiff was not at the facility and no new address was available. The deadline for Plaintiff to inform the Court of his new address was October 16, 2024. (ECF No. 7).

To date, Plaintiff has failed to inform the Court of his new address, and has not otherwise communicated with the Court since filing his Complaint on August 21, 2024.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to prosecute this case.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **1st day of November 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE